IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

W.R. GRACE & CO.                                                                                    PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 1:06mc602WJG

N & M, INC.                                                                                         DEFENDANT

O R D E R

This cause comes before the Court on motion of the Plaintiff, W.R. Grace & Co., [Grace] to compel [1-1] N & M, Inc., [N & M] to produce a representative for deposition pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45.  Grace contends that N & M screened thousands of claimants for alleged asbestos-related disease and may have generated unreliable and unsupported litigation claims as a result.  (Ct. R., Doc. 1, p. 1.)

Grace seeks discovery from N & M related to matters that the United States Bankruptcy Court for the District of Delaware found relevant to the estimation of Grace's asbestos personal injury liability.  (*Id*.)  Grace asserts that N & M refused to produce a corporate representative for deposition claiming a Fifth Amendment privilege.  (*Id*.)

Grace was instructed by the bankruptcy court to seek discovery of screening and diagnostic practices from doctors who possess the relevant information regarding screening and diagnostic practices.  (*Id*.; Exh. F.)   Deposition testimony from Dr. W. Allen Oaks revealed N & M's possible role in the asbestos screening process.  (*Id*., Exh. I.)  Grace attempted to schedule a deposition and was unable to procure a representative from N & M.  (Ct. R., Doc. 1, pp. 10-11.)

Grace scoured through documents in an attempt to obtain information about N & M's screening practices without use of a deposition. (*Id*., p. 11.)

According to N & M, it is a Mississippi corporation which engaged in screening or testing for industrial diseases, including pulmonary injuries and diseases. (Ct. R., Doc. 5, p. 1.) N & M states that it is a defunct business, and has no employees, officers, assets, or business records as of October 13, 2006, the date the response was filed. (*Id*., p. 2.) According to N & M, its business records were delivered to Dove & Chill law firm. (*Id*.) According to Luke Dove, an attorney with the firm, copies of N & M's business records, including the records of asbestos screenings, were delivered to the United States District Court for the Southern District of Texas, in connection with the silicosis MDL. (Ct. R., Doc. 5-2, p. 2.)

Dove claims that Heath Mason, a former owner of N & M, is the individual with the most knowledge concerning asbestos screening performed by N & M. (*Id*.) Dove asserts that Mason was deposed concerning screening procedures by Grace's attorneys on three prior occasions. (*Id*.) Dove contends that because N & M is defunct there is no one it can designate to appear as a corporate representative for a deposition. (*Id*., p. 3.)

Grace contends that N & M is still a corporation under Mississippi law, and is currently (as of October 17, 2006) in good standing with the Mississippi Secretary of State's office. (Ct. R., Doc. 6, Exh. A.) Grace argues that N & M must designate and prepare a witness who may give knowledgeable and binding answers for the corporation regardless of whether the corporation is in existence but no longer actively doing business. (Ct. R., Doc. 6, p. 3.)

Under Federal Rule of Civil Procedure 30(b)(6), N & M is obliged to designate a knowledgeable, available and readily identifiable witness, regardless of that witness' personal

knowledge of the subjects noticed in the deposition.  *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993).  Rule 30(b)(6) provides that persons designated as corporate representatives "shall testify as to matters known or reasonably available to the organization."  FED.R.CIV.P. 30(b)(6).

A corporation that is in existence but no longer actively doing business can be compelled to produce a witness for a Rule 30(b)(6) deposition.  *See Kanaji v. Philadelphia Child Guidance Ctr. Of Children's Hosp.*, 2001 WL 708898, *2-3 (E.D. Pa. 2001).  The deponent " 'must make a conscientious good-faith endeavor to designate persons having knowledge of the matters sought by [the party noticing the deposition] and to *prepare* those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.' " *Resolution Trust,* 985 F.2d at 197.  In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation; the Rule 30(b)(6) designee presents the corporation's "position" on the topic.  *Hyde v. Stanley Tools,* 107 F. Supp.2d 992, 992 (E.D. La. 2000) (citing *United States v. Taylor,* 166 F.R.D. 356, 361, *aff'd,* 166 F.R.D. 367 (M.D. N.C. 1996)).

Accordingly, the Court concludes that the motion to compel should be granted.  N & M will produce a representative for deposition, pursuant to Federal Rule of Civil Procedure 30(b)(6) at a time and place designated by Grace within the jurisdiction of this Court.  The Court will retain limited jurisdiction over this matter for purposes of ensuring the deposition goes forward.  It is therefore,

ORDERED  that the motion to compel [1-1] N & M to produce a representative for deposition, pursuant to Federal Rule of Civil Procedure 30(b)(6) be, and is hereby, granted.

Grace shall designate a time and place for the deposition within the jurisdiction of this Court.  It is further,

    ORDERED  that this Court shall retain limited jurisdiction over this matter for purposes of ensuring the deposition goes forward.  It is further,

    ORDERED  that each party shall bear its respective costs associated with this motion.

    SO ORDERED this the 12th day of December, 2006.

                                             *Walter J. Gex III*
                                    UNITED STATES SENIOR DISTRICT JUDGE